IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| v. | : | |
| | : | COMPLAINT |
| EMBARCADERO TECHNOLOGIES, INC.: | | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Caryn Botwin ("Botwin"), who was adversely affected by such practices. The Commission alleges that Embarcadero Technologies, Inc. ("Defendant") terminated Botwin because of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been doing business in the State of Georgia and the City of Marietta and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than 30 days prior to the institution of this lawsuit, Ms. Botwin filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least July 2008, Defendant has engaged in unlawful employment practices at its Marietta, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII by terminating Ms. Botwin because of her sex, female, in violation of Title VII. *See* 42 U.S.C. § 2000e-5(f)(1) and (3).

8.      On or about December, 2007, Ms. Botwin was hired by Defendant as an Account Manager.

9.      As an Account Manager, Ms. Botwin's duties included developing business relationships with large clients and selling them additional software licenses. Defendant assigned Ms. Botwin thirty accounts that covered the entire Southeast and set her quota for 2008 at approximately $757,500.

10.      In Ms. Botwin's first month on the job she earned a monetary award for bringing in the biggest deal and she achieved 110% of her quota for the first quarter of 2008. According to Defendant's records, in the second quarter, she achieved 56% of her quota, resulting in a 74% achievement rate for the year.

3

11.     On July 1, 2008, Ms. Botwin's manager, John Moore, called and terminated her.

12.     Ms. Botwin was allegedly terminated for failing to reach her quota, despite several male Account Managers who had consistently failed to reach their quotas and were not terminated.  Ed Reynolds, Robert Esposito, Bob Whitley, and Steve Di Guilian, all failed to meet their quotas and were not immediately terminated.

13.     On the quarterly report, Ms. Botwin achieved the highest YTD Attainment at 74%, while Di Guilian, who was not terminated until ten months later in April 2009, earned 35% of his 2008 yearly quota, and Esposito and Reynolds earned 0% and 1% respectively.

14.     Steve Di Guilian was terminated, a year after Ms. Botwin, after eleven consecutive quarters of not making his quota.

15.     Defendant's Employee Handbook contains a progressive disciplinary policy, which it did not utilize during Ms. Botwin's employment.

16.     Prior to her termination, Ms. Botwin never received any disciplinary actions while employed with Defendant and nothing in her file indicates that she was a substandard or difficult employee.

17.    Ms. Botwin's termination was based on her sex, female.

18.    The effects of the practices complained of in paragraphs 7-17 above have been to deprive Ms. Botwin of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

19.    The unlawful employment practices complained of in paragraphs 7-17 above were intentional.

20.    The unlawful employment practices complained of in paragraphs 7-17 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Botwin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Ms. Botwin, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay

5

with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.    Order Defendant to make Ms. Botwin whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.    Order Defendant to make Ms. Botwin whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Ms. Botwin punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/30/10
 /Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Chandra Davis
Trial Attorney
Georgia Bar No. 141801
chandra.davis@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905